HARTZ, Circuit Judge,
dissenting:
I respectfully dissent. Although the majority’s interpretation of the statutory language is a plausible one, I think that the government’s interpretation is more reasonable. In any event, because the language is ambiguous, we should remand to the Board of Immigration Appeals (BIA) for an authoritative construction.
Under 8 U.S.C. § 1101(a)(15)(F)(i) an alien can qualify for nonimmigrant student status if she wishes to pursue a full course of study at an educational institution approved by the federal government and then return home. Such an alien is termed an F-l student. Approval for the institution must be withdrawn if the institution does not promptly report “the termination of attendance of each nonimmi-grant student.” 8 U.S.C. § 1101(a)(15)(F)(i).
In addition to the requirements of § 1101(a)(15)(F)(i), further restrictions are imposed by 8 U.S.C. § 1184(m) with respect to those who wish to pursue studies at an elementary or secondary school or an adult education program. Under § 1184(m), nonimmigrant status is not available to pursue studies at a public elementary school or a publicly funded adult education program, and is available to pursue studies at a public secondary school only if the course of study is 12 months or less and the alien pays the cost of the education. See 8 U.S.C. § 1184(m)(1). Once an alien is admitted as an F-l student under § 1101(a)(15)(F)(i), regulations of the Department of Homeland Security (DHS) provide that the alien remains admitted so long as she “is pursuing a full course of study at an educational institution approved by the [government],” except that one admitted for attendance at a public high school is restricted to 12 months of study at such a school. 8 C.F.R. § 214.2(F)(5)(i). The DHS regulations permit a student to transfer between educational institutions if certain paperwork is executed, see id. § 214.2(f)(8); and the regulations accommodate medical conditions that require reduced or no study for less than 12 months, see id. § 214.2(f)(6)(iii)(B). A student may request reinstatement to nonimmigrant status if “[t]he violation of status resulted from circumstances beyond the student’s control.” Id. § 214.2(f)(16)(F)(1) “Such circumstances might include ... closure of the institution,....” Id.
An alien admitted to this country as an F-l student may lose that status in a number of ways by violating the terms of the governing statutes and regulations. But one particular course of conduct is singled out as a violation by § 1184(m)(2), which states:
An alien who obtains the status of a nonimmigrant under clause (i) or (iii) of section 1101(a)(15)(F) of this title in order to pursue a course of study at a private elementary or secondary school or in a language training program that is not publicly funded shall be considered to have violated such status, and the alien’s visa under section 1101(a)(15)(F) of this title shall be void, if the alien terminates or abandons such course of study at such a school and undertakes a course of study at a public elementary school, in a publicly funded adult education program, in a publicly funded adult education language training program, or at a public secondary *1109 school (unless the requirements of paragraph (1)(B) [which require paying the costs of the secondary-school education and limit the term of study to 12 months] are met).
U.S.C. § 1184(m)(2). Such a violation is more than just a failure to satisfy the conditions of F-l status. To commit a violation under § 1184(m)(2), it is not enough simply to terminate a course of study at a private school and take a job or a vacation; the alien must, for example, also enroll in a public secondary school without paying the required cost. A violation under § 1184(m)(2) is so serious that its commission renders the alien inadmissible, as a student visa abuser, until the alien has been outside the United States for at least five years. See 8 U.S.C. § 1182(a)(6)(G).[1] This is a harsh sanction, and it is apparent that Congress reserved it for what it considered the worst type of abuse of F-l status — coming to the United States to pursue a privately funded education but then taking advantage of the free public education provided by this country.
The issue before us is whether Ms. Lee has “violate[d] a term or condition of [F-l] status under [§ 1184(m)].” § 1182(a)(6)(G). As relevant to this case, there are three elements to such a violation. First, the alien must have obtained F-l nonimmigrant status “in order to pursue a course of study at a private elementary or secondary school.” § 1184(m)(2). Second, the alien must “terminate[] or abandon[ ] such course of study at such a school.” Id. Third, the alien must not attend public secondary school, unless the alien pays the cost of the education and the term of study is no more than 12 months. See id. The first and third elements are not in dispute. The only question is whether Ms. Lee “terminate[d] or abandoned] such course of study at such a school.” Id.
The majority opinion concludes that “such a school” must be the Riverview Christian Academy. I agree that this is a possible interpretation of the statutory language. Section 1184(m)(2) relates to “[a]n alien who obtains [F-l] status ... in order to pursue a course of study at a private elementary or secondary school.” One could infer that “such course of study at such a school” refers specifically to elementary (or secondary) education at the school identified by the alien when she obtained F-l status. But if “such course of study at such a school” is a reference only to the alien’s original course of study and school (because her F-l status was obtained specifically to pursue that course of study at that school), one arrives at a strange result. As mentioned above, and as Congress surely anticipated, the governing regulations permit an alien to retain F-l status by transferring from one private school to another. Yet apparently “abandoning” the second school would not be a violation of 1184(m), because only abandonment of the course of study at the first school is covered by the provision; after all, the alien did not obtain her F-l status on the basis that she wished to pursue studies at the second school.
In any event, even if the majority opinion’s interpretation is reasonable, it is surely also reasonable to interpret “such a *1110 school” as the type of school described earlier in the sentence: namely, “a private elementary or secondary school or ... a language training program that is not publicly funded.” Id. The use of the word such makes it unnecessary to repeat this quoted language. A common definition of such is “having a quality already or just specified-used to avoid repetition of a descriptive term.” Webster’s Third New Int’l Dictionary 2283 (2002). Applying this definition, Ms. Lee violated § 1184(m). She decided that she would no longer pursue a course of study at a school of the type that she had been attending — a private secondary school. That decision was an abandonment of “such course of study at such a school.” § 1184(m)(2).
This construction of the statutory language apparently comports with the practice of the immigration authorities, which seem to care about the type of institution attended by the F-l student, rather than the specific school. The record in this case reflects that Ms. Lee was first notified that she had been granted F-l status on April 14, 2000. At that time she was attending private school in Michigan. The notice of F-l status contains no reference to the school she was attending. It says merely that the notice is “Valid for Duration of Status.” R. at 108. No new notice of F-l status was necessary when Ms. Lee transferred to Riverview.
This construction of the statutory language also is fully consistent with the apparent purpose of § 1184(m). The majority opinion emphasizes that Ms. Lee’s departure from Riverview Christian Academy was hardly her fault — the school closed. But there was nothing involuntary about her failure to choose an alternative. If attending a private high school was too difficult at that time (because, for example, there was no similar school close to home), she could transfer to a public school (as she did) and pay the cost of her education (which she did not do). It seems to me quite possible that Congress would have considered the course taken by Ms. Lee (and her family) as sufficiently culpable to be worthy of the inadmissibility sanction of § 1182(a)(6)(G), even if it might have been still more culpable to quit an operational school and then attend a public high school without paying the cost of the education.
More importantly, though, it should not be our task in the first instance to resolve this ambiguity. That should be accomplished by either a DHS regulation or a decision by the Board of Immigration Appeals (BIA). The BIA has had no real opportunity to address the matter in this case. It decided the case based only on Ms. Lee’s notice of appeal because her brief was untimely. The Attorney General has requested that if we find it necessary to construe § 1184(m), we should remand to the BIA on the issue. See Aplee. Br. at 16 n. 6.1 would honor that request. We would then defer to the BIA’s interpretation. See Niang v. Gonzales, 422 F.3d 1187, 1199 (10th Cir.2005).

. Section 1182(a)(6)(G) states:
An alien who obtains the status of a nonim-migrant under section 1101(a)(15)(F)(i) of this title and who violates a term or condition of such status under section 1184(l) of this title is admissible until the alien has been outside the United States for a continuous period of 5 years after the date of the violation.
(All agree that the reference to 8 U.S.C. § 1184(l) should be to § 1184(m), which was originally enacted as § 1184(l).)